IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRISTOPHER PATTERSON,           )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     1:19cv204
                                 )
CAPTAIN HENDERSON, et al.,       )
                                 )
            Defendants.          )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is the motion of the Assistant Attorney General of North Carolina, Bryan Nichols, to withdraw as counsel of record for Defendants Paul Vigo and Nickolas Bustillos. (Doc. 91.) Plaintiff Christopher Patterson has responded in opposition. (Doc. 98.) For the reasons stated below, the motion to withdraw is denied.

## I. BACKGROUND

On February 21, 2019, Patterson filed a complaint alleging excessive force and deliberate indifference arising out of alleged altercations on October 23, 2018, at the Scotland Correctional Institution ("Scotland Correctional"), a North Carolina Department of Corrections facility. (Doc. 2.) The complaint named several prison administration officials and multiple correctional officers, including Vigo and Bustillos, as defendants. (Id.) Because Vigo and Bustillos were acting within the scope of their

employment at the time of the incident, the North Carolina Attorney General elected to represent them, upon request, pursuant to the Defense of State Employees Act, N.C. Gen. Stat. § 143-300.3.[1] (Doc. 91 ¶ 3; Doc. 91-2; Doc. 91-3.) Soon thereafter, North Carolina Assistant Attorney General Corrine Lusic appeared on behalf of the Defendants who had been properly served - including Vigo and Bustillo - and filed an answer to the complaint. (Doc. 8.) Several weeks later, Lusic withdrew and Defendants' current counsel, Assistant Attorney General Nichols, entered an appearance. (Doc. 21.) Discovery commenced, and eventually Patterson filed a motion for summary judgment, which the Magistrate Judge recommended be denied. See Patterson v. Henderson, No. 1:19CV204, 2021 WL 3055038 (M.D.N.C. July 20, 2021). On September 17, 2021, this court adopted that recommendation (Doc. 47), and the case was set for a jury trial on December 5, 2022. (Doc. 48.) Thereafter, the Magistrate Judge asked the Clerk of Court to seek pro bono counsel to represent Patterson at trial. (See Text Order dated March 9, 2022.) On March 21, 2022, Patterson's counsel entered an appearance in this case. (Doc. 49.)

On October 10, 2022, in preparation for trial, Patterson filed a motion to compel discovery which sought an order "compel[ing]

---

[1] N.C. Gen. Stat. § 143-300.3 provides: "the State may provide for the defense of any civil or criminal action or proceeding brought against [a State employee] in his official or individual capacity."

2

Defendants to supplement their responses to Mr. Patterson's First Requests for the Production of Documents and Mr. Patterson's Requests for Admissions." (Doc. 55.) On October 26, 2022, the Magistrate Judge granted Patterson's motion to compel in part and ordered Defendants to "provide responses to Plaintiff's Requests for Admissions by November 2, 2022." (See Text Order entered on October 26, 2022).

On November 2, 2022, Nichols, as counsel for Defendants, served Defendants' Responses to Plaintiff's First Request for Admissions (the "Responses"), which purported to include responses from each of the Defendants, including Vigo and Bustillos. (Doc. 98-2.) In denying certain of Plaintiff's requests for admissions, Nichols's responses for Vigo and Bustillos repeatedly stated that each Defendant was "without sufficient information to admit or deny, and therefore it is denied." (Id. at 1-4, 9-11.) On November 14, 2022, Nichols also filed - on behalf of all Defendants, including Vigo and Bustillos - several pretrial motions, proposed jury instructions, and a trial brief. (Docs. 76, 77, 78.)

On November 16, 2022, the court held a pretrial conference. (See Minute Entry dated November 16, 2022.) At no point during the pretrial conference or in any prior motions did counsel indicate that he was not in contact with clients Vigo and Bustillos.

On November 23, 2022, less than two weeks before trial was

3

scheduled to begin, counsel filed the instant motion to withdraw from further representation of Vigo and Bustillos. (Doc. 91.) In that motion, counsel indicated for the first time that neither he nor anyone in the North Carolina Attorney General's Office had been in contact with either Vigo or Bustillos for some time as both had apparently left the employ of Scotland Correctional. (Id.) According to Nichols, he tried to contact Vigo "[o]n or around October 20, 2022," by sending a "letter to [his] last known address" that "asked him to contact our office immediately in preparation for the settlement conference and upcoming trial." (Id. ¶ 8.) Counsel also "called the last known telephone number for Defendant Vigo over five times during the last few weeks and the person who answers confirms it is the wrong number and they do not know a Mr. Vigo." (Id. ¶ 9.) Counsel's attempts to contact Bustillos have also been unsuccessful: according to counsel, "[d]uring the last month, over eight follow-up telephone calls, text and emails have been made to Defendant Bustillos without acknowledgement or a return call," and "[a]ttempted communication was made throughout these weeks at different times of the day, during the morning, afternoon and evening in an attempt to contact Defendant Bustillos during a time he would possibly be available." (Id. ¶ 13.)

Accordingly, counsel now argues that because Vigo and Bustillos "failed to fulfill their obligation to this office to

4

remain in contact and aid in the defense of this matter," a "proper defense" on their behalf is now "impossible" and the motion to withdraw should be granted. (Id. ¶ 15.) In response, Patterson contends that "[a]llowing counsel's withdrawal at this late stage of the litigation would potentially delay resolution of this case — via trial or negotiation — and would prejudice Plaintiff." (Doc. 98 at 6.) Patterson also points out that "although Defense counsel's office has contacted Defendants Vigo and Bustillos, informing them that it will seek to withdraw its representation, they were not served with a copy of the Motion to Withdraw, which is required under the Local Rules of this District." (Id.)

**II. ANALYSIS**

The decision to grant or deny a motion to withdraw lies within the court's discretion. See Patterson v. Gemini Org., Ltd., 238 F.3d 414 (4th Cir. 2000) (unpublished table decision) (citing Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999)). Generally, courts consider the following factors: "1) the reason withdrawal is sought; 2) the prejudice the withdrawal may cause to other litigants; 3) the harm withdrawal may cause to the administration of justice; and 4) the degree to which withdrawal may delay resolution of the case." In re Blackwell, No. 07-10406, 2009 WL 5064809, at *1 (Bankr. M.D.N.C. Dec. 23, 2009) (citing United States ex. rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc., 994 F. Supp. 244, 252 (D.N.J. 1997); see also

5

Vasques v. Prot. One, Inc., No. 2:17-CV-01524-CKD, 2019 WL 13218648, at *2 (E.D. Cal. July 18, 2019). Further, Local Rule 83.1(e)(3) requires that in cases "where withdrawal is sought without substitution of counsel," the motion to withdraw "must be served on the client and include the client's mailing address in the certificate of service."

Here, the court has little trouble concluding that the motion to withdraw should be denied. Dispositive is the fact that the motion to withdraw fails to comply with this court's Local Rule 83.1(e)(3). As noted, Local Rule 83.1(e)(3) requires that, "in cases where withdrawal is sought without substitution of counsel," the "motion to withdraw must be served on the client and include the client's mailing address in the certificate of service." Here, the Office of the North Carolina Attorney General sent both Vigo and Bustillos a letter informing them that their office would "no longer provide" representation for them in this case. (See Doc. 91-2, 91-3.) But as Patterson points out, the record fails to demonstrate that counsel served either Vigo or Bustillos with a copy of the motion to withdraw. Indeed, the certificate of service shows service only on Patterson. (See Doc. 91 at 5-6.) In the absence of proof that both Vigo and Bustillos have been served with a copy of the motion to withdraw, the court cannot determine that it is in the interest of justice to permit counsel to withdraw.

6

In addition, the weighing of the factors on the merits counsels against permitted withdrawal at this late stage. As to the first factor – the reason for withdrawal - counsel clearly seeks to withdraw because he believes that a "proper defense" is now "impossible" given Bustillos and Vigo's absence. (Doc. 91, ¶ 15.) Undoubtedly, lack of communication between an attorney and client is a legitimate reason to withdraw from representation, and this factor weighs generally in favor of granting the motion. See United States v. Muslim, 944 F.3d 154, 166 (4th Cir. 2019).

While it is problematic that Nichols reports that his clients have not communicated with him, the motion for withdrawal comes very late in the day without any prior notice that there was no communication from Vigo and Bustillos. Indeed, throughout this lawsuit, the Attorney General's representations to both this court and to Patterson have suggested that counsel was in contact with each of his clients. (See Doc. 98 at 3-4, 7; Doc. 98-2.) At the pretrial conference on November 16, 2022, for instance, counsel never indicated that he was unable to contact his clients and instead represented that he would be ready to proceed to trial just three weeks later, on December 5, 2022. Less than two weeks before the trial was scheduled to begin, however, counsel filed the instant motion to withdraw and revealed for the first time that he had not communicated with Vigo or Bustillos in (at least)

7

weeks.[2] (Doc. 91.)  It is well established that "withdrawal of counsel becomes more problematic nearer to the trial date." Sydell v. LifeMed USA, Inc., No. 1:16CV1143, 2017 WL 4862786, at *1 (M.D.N.C. Oct. 27, 2017); see Vachula v. General Elec. Capital Corp., 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion"); Malarkey v. Texaco, Inc., No. 81 Civ. 5224, 1989 WL 88709, at *2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw where case was "on the verge of trial readiness").

Undoubtedly, counsel's withdrawal at this stage – filed less than two weeks before the scheduled trial date - will disrupt the proceedings, harming both the Plaintiff and the administration of justice, by delaying resolution of the case. See Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999)("In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.")(internal quotation marks and alterations omitted); United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) ("In our review of a district court's denial of such a request [to withdraw], we must therefore be mindful of the court's interest in moving its docket."). Though the December 5,

---

[2] It is unclear when Nichols last spoke to Bustillos. It appears he never spoke with Vigo in the past several months, if at all. (See Doc. 98 at 5.)

8

2022 trial date was moved eventually to January 17, 2023, for largely unavoidable reasons,[3] further delay would harm Patterson, who has been incarcerated in a local jail pending his civil trial in this case now for several weeks. Further, this case has been pending over three years, and withdrawal would likely result in additional delay. There is also no indication when either Vigo or Bustillo would be available for trial, as neither has bothered to provide proper forwarding information or to attend to the deadlines and obligations of the case against them. Accordingly, the second, third, and fourth factors outlined above – all of which are mindful of "the disruptive impact the withdrawal would have" - weigh in favor of denying the motion to withdraw. Patterson, 238 F.3d at 414.

**III. CONCLUSION**

For all these reasons, therefore,

IT IS ORDERED that the Attorney General's motion to withdraw

---

[3] The trial date was continued from December 5, 2022, because the Bureau of Prisons and U.S. Marshals Service were unable to transport Patterson to the district until December 15, 2022, at the earliest, though the court issued a writ weeks before. Accordingly the court reset the trial for December 19, 2022. (Doc. 92.) But then Defendants moved for a slight delay because Defendant Bullard, who was available for the original trial setting, was scheduled to be out of the state (1,100 miles away) until December 29, 2022. (Doc. 99.) Patterson opposed further delay. (Doc. 100.) In order to accommodate that development and to allow for a pretrial settlement conference that had been cancelled because of the Bureau of Prison's inability to timely transport Patterson to the district, the court granted Defendants' motion to continue the trial to the court's next available trial setting on January 17, 2023, which also permitted a settlement conference to be set for January 3, 2023. (Doc. 103.)

9

Case 1:19-cv-00204-TDS-JLW   Document 122   Filed 01/13/23   Page 9 of 10

as counsel of record for Defendants Vigo and Bustillos (Doc. 91) is DENIED.

/s/   Thomas D. Schroeder
United States District Judge

January 13, 2023