```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

CHRISTOPHER PATTERSON,            )
                                  )
              Plaintiff,          )
                                  )
      v.                          )     1:19CV204
                                  )
CAPTAIN HENDERSON, et al.,        )
                                  )
              Defendants.         )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Before the court is Plaintiff Christopher Patterson's motion for discovery sanctions against Defendants Paul Vigo and Nickolas Bustillos, as well as their counsel. (Docs. 101 and 102.) Defendants have responded in opposition. (Doc. 120.) For the reasons set out below, the motion for sanctions is granted in part, and Defendants Vigo and Bustillos will be prohibited from denying the facts set out in Patterson's requests for admissions to which those Defendants responded that they lacked sufficient information on which to form a response. The court defers any request for sanctions against counsel, which will be addressed after the impending trial.

**I.   BACKGROUND**

Patterson filed this action on February 21, 2019, alleging excessive force and deliberate indifference - in violation of rights under the Eighth Amendment to the United States Constitution

- arising out of alleged altercations on October 23, 2018, at the Scotland Correctional Institution ("Scotland Correctional"), a North Carolina Department of Corrections facility where he was then incarcerated. (Doc. 2.) The complaint named some fourteen defendants – a combination of prison administration officials and multiple correctional officers, including Defendants Vigo and Bustillos. (Id.) Because Vigo and Bustillos were acting within the scope of their employment at the time of the events, the North Carolina Attorney General elected to represent them, upon request, pursuant to the Defense of State Employees Act, N.C. Gen. Stat. § 143-300.3.[1] (Doc. 91 ¶ 3; Doc. 91-2; Doc. 91-3.) Assistant Attorney General Corrine Lusic appeared on behalf of the Defendants who had been properly served - including Vigo and Bustillo - and filed an answer to the complaint. (Doc. 8.) Several weeks later, Lusic sought to withdraw and Assistant Attorney General Bryan Nichols, Defendants' current counsel, entered an appearance in the case. (Doc. 21.)

Discovery commenced. On about August 8, 2020, Patterson, proceeding pro se, served discovery requests on the Defendants, including requests for admissions. (Doc. 37-2.) Defendants failed to respond, and Patterson sought an order compelling a response

---

[1] N.C. Gen. Stat. § 143-300.3 provides: "the State may provide for the defense of any civil or criminal action or proceeding brought against [a State employee] in his official or individual capacity."

2

(Doc. 30), which the court granted on August 19, 2020. (Text Order dated August 19, 2020.) Shortly before filing a motion for summary judgment, Patterson filed a notice with the court indicating that Defendants had failed to comply with the court's previous order compelling responses to certain discovery requests. (Doc. 35.) Patterson then filed a motion for summary judgment on October 26, 2020. (Doc. 36.) Defendants failed to respond to the motion for summary judgment.

On March 17, 2021, before ruling on the motion for summary judgment, the Magistrate Judge construed Patterson's notice of Defendants' non-compliance as a motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b) and ordered Defendants to file a response. (See Text Order dated March 17, 2021.)

On March 22, 2021, Nichols responded and represented to the court that Defendants had complied with the court's previous order and would provide Plaintiff with another copy of the discovery responses. (Doc. 40.) In light of counsel's representations, the Magistrate Judge denied Patterson's motion for sanctions but allowed Patterson to supplement his summary judgment brief in light of the additional material he could now review. (See Text Order dated March 24, 2021.)

On July 20, 2021, the Magistrate Judge recommended that Patterson's motion for summary judgment be denied. See Patterson v. Henderson, No. 1:19CV204, 2021 WL 3055038 (M.D.N.C. July 20,

3

2021).  This court subsequently adopted the recommendation eight weeks later.  (Doc. 47).

On February 17, 2022, the court issued notice that the case was placed on the December 2022 civil trial calendar for trials beginning December 5, 2022, at 9:00 a.m.  (Doc. 48.)  Thereafter, the Magistrate Judge directed the Clerk of Court to seek pro bono counsel to represent Patterson at trial.  (See Text Order dated March 9, 2022.)  On March 21, 2022, Patterson's counsel entered an appearance.  (Doc. 49.)

On October 10, 2022, in preparation for trial, Patterson filed a motion to compel Defendants to supplement their responses to his first requests for production of documents and requests for admissions.  (Doc. 55.)  Patterson moved to shorten time for a response, and Magistrate Judge Webster granted the motion on October 11, ordering the Attorney General to respond by October 17.  (Text Order entered October 11, 2022.)  On October 18, at 1:39 a.m., Nichols filed an untimely response.  (Doc. 62.) Patterson timely filed a reply.  (Doc. 63.)

On October 26, the Magistrate Judge granted Patterson's motion in part and compelled Defendants to provide responses to Patterson's requests for admissions by November 2, 2022, forewarning Defendants that "severe sanctions such as rendering a default judgment" could be imposed for failure to comply with the court's order.  (See Text Order entered on October 26, 2022.)

4

On November 2, 2022, Nichols served Defendants' Responses to Plaintiff's First Request for Admissions (the "Responses"), which included responses from several Defendants, including Vigo and Bustillos. (Doc. 102-2.) In denying several of Plaintiff's requests for admissions as to these two Defendants, the Responses repeatedly stated that each Defendant was "without sufficient information to admit or deny, and therefore [the request] is denied." (Id. at 2-5, 10-12.)

On November 10, 2022, the court published its master trial calendar that listed this case among the trials set to begin on December 5, 2022, at 9:00 a.m., along with pretrial deadlines. (Doc. 70.) On November 14, 2022, Nichols filed - on behalf of all Defendants, including Vigo and Bustillos - several pretrial motions, proposed jury instructions, and a trial brief. (Docs. 76, 77, 78.)

On November 23, 2022, less than two weeks before trial was scheduled to begin, Nichols moved to withdraw from representing Vigo and Bustillos. (Doc. 91.) Nichols indicated for the first time that Vigo and Bustillos had both resigned from the Scotland Correctional Institution and neither Nichols nor anyone in his office had been in contact with either Defendant for some time: at least weeks as to Bustillos; and apparently never as to Vigo, who reportedly moved to the State of Washington. (Doc. 91.) According to Nichols, he tried to contact Vigo "[o]n or around October 20,

5

2022," by sending a "letter to [his] last known address" that "asked him to contact our office immediately in preparation for the settlement conference and upcoming trial." (Id. ¶ 8.) Nichols also states that he "called the last known telephone number for Defendant Vigo over five times during the last few weeks and the person who answers confirms it is the wrong number and they do not know a Mr. Vigo." (Id. ¶ 9.) Counsel's attempts to contact Bustillos, with whom Nichols had communicated previously, have also been unsuccessful. (Id. ¶ 14.) According to Nichols, "[d]uring the last month, over eight follow-up telephone calls, text and emails have been made to Defendant Bustillos without acknowledgement or a return call," and "[a]ttempted communication was made throughout these weeks at different times of the day, during the morning, afternoon and evening in an attempt to contact Defendant Bustillos during a time he would possibly be available." (Id. ¶ 13.) Patterson filed a response in opposition. (Doc. 98.)

On November 28, the court received information from the United States Marshals Service that Patterson was in transit for the jury trial but was not expected to arrive in the district before December 15, 2022. Thus, the court reset the trial date to December 19, 2022. (Doc. 92.)

In light of the court's resetting of the trial date, Defendants moved on December 1 to reschedule the trial after December 29, as one of the Defendants, William Bullard, had long-

6

standing personal plans to be out of state (some 1,100 miles away) until then. (Doc. 99.)

On December 5, 2022, based on the information revealed in Nichols's motion to withdraw, Patterson filed the instant motion for sanctions, requesting that the court "sanction Defendants Vigo and Bustillos and their counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power, by entering a default judgment against Defendants Vigo and Bustillos." (Doc. 101 at 1.) Patterson based his motion on the fact that as to several of the November 2, 2022 responses to Patterson's request for admissions ("Responses"), Defendants Vigo and Bustillos stated that each Defendant was "without sufficient information to admit or deny, and therefore [the request] is denied." (Id. at 2-5, 10-12.) According to Patterson, "Defendants' responses were untrue" because "[t]hey represented to Plaintiff that Defendants lacked information or belief where, in fact, counsel simply does not know what information or belief Defendants have, because he did not communicate with them." (Doc. 102 at 6.) Patterson argues that "Defendants' responses do not reflect any effort to learn the truth about the Plaintiffs' requests" but instead "constitute [a] failure to answer" and "a conscious effort to deceive and defraud Plaintiffs into believing they actually reflect the 'information and belief' of the Defendants." (Id.) Patterson adds, "the responses were served in

7

purported compliance with an Order in which the Court had granted in part a Motion to Compel and explicitly warned that failure to comply could result in sanctions including default judgment." (Id.) Accordingly, Patterson concludes that the court should sanction Defendants Vigo and Bustillos by entering default judgment against them. (Id. at 8.)

On December 9, in light of Bullard's unavailability, the court reset the trial date to January 17, 2023, and ordered the parties to submit to court-administered mediation before the Magistrate Judge at the earliest practicable date once Patterson arrived in the district. (Doc. 103.)

On December 27, the date a response to Patterson's motion for sanctions was due, Nichols filed a motion at 11:58 p.m. seeking an extension to January 10, 2023, within which to file his response. (Doc. 109.) Patterson opposed the motion. (Doc. 110.) In light of the impending January 3 settlement conference, the court granted the extension, requiring a response by January 10, 2023. (Doc. 111.)

On January 10, 2023, at 11:14 p.m., Nichols filed a motion to extend the extension for his response to the sanction motion for two more days, to January 12, 2023. (Doc. 116.) Patterson again opposed the motion. (Doc. 117.) The court granted the brief extension. (Doc. 119.)

No response was filed on January 12.

8

On January 13, 2023, at 12:09 a.m., Nichols filed a three-page response to Patterson's motion for sanctions. (Doc. 120.) The court directed the Deputy Clerk to advise Nichols that the response was untimely and would not be considered unless it was accompanied by a motion to permit the late filing with a satisfactory reason for the delay. At 12:54 p.m. this same day, Nichols filed a motion to deem his response timely, based on excusable neglect. (Doc. 121.)[2]

In his response, Nichols states, among other things, that upon their initial representation by the Attorney General, Vigo and Bustillos both "provided detailed information to our office about what happened during the incident, their roles in the incident and explained how no excessive force was used." (Doc. 120 at 1.) Nichols also represents that on "multiple occasions" he "met and spoke[] with approximately fourteen different DPS employees who are on and off camera during the incidents related to this lawsuit and walked through the video footage frame by frame to find out what happened." (Id. at 2.) He states he has "spoken with Defendant Bustillos on several occasions to go over his role

---

[2] Given the explanation offered by Nichols, the court finds his 9-minute delay is excusable. It will therefore grant his motion (Doc. 121.) However, it easily could have been avoided and is part and parcel of a persistent failure of counsel to appreciate the deadlines of this court. While it has been said the best lawyers are usually the busiest lawyers, it does not follow that busy lawyers can ignore the rules of the court. If counsel is overwhelmed with work, he is obliged to seek additional help from his colleagues rather than to struggle to comply with his obligations to the court.

9

Case 1:19-cv-00204-TDS-JLW   Document 124   Filed 01/13/23   Page 9 of 19

regarding what happened." (Id.) He also states that he has spoken with other correctional officers who "were there with Defendants Vigo and Bustillos" who "explained what was being done in the shower area and the holding cell and could confirm and support was [sic] Defendants Vigo and Bustillos outlined." (Id. at 2-3.) He concludes that he has "met with correctional officers separately and they have verified what happened during the incident, including what Defendants Vigo and Bustillos were doing." (Id. at 3.)

## II. ANALYSIS

Rule 36 of the Federal Rules of Civil Procedure allows a party to serve on "any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). "When answering a request for admission, the party must admit the proposition, specifically deny it, state in detail why the party can neither admit nor deny it, or object to the request." Odom v. Roberts, 337 F.R.D. 347, 351 (N.D. Fla. 2020) (emphasis added); see Fed. R. Civ. P. 36(a)(3)-(4). A party may "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis

10

added).  If a party makes this response, "it is required to set forth in detail the reasons why this is so" and therefore "[a] general statement that it can neither admit nor deny . . . will be held an insufficient response."  8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2261 (3d. ed. 2010); see Cada v. Costa Line, Inc., 95 F.R.D. 346, 347-48 (N.D. Ill. 1982).

Here, the Responses by Defendants Vigo and Bustillos fail to satisfy the requirements of Rule 36.  While a party who receives a request for admissions has a variety of responses available - it may admit the proposition, specifically deny it, state in detail why it can neither admit nor deny it, object to the request, or move for an extension of time to respond to the request, Fed. R. Civ. P. 36(a); Wright & Miller, supra, § 2259 - he cannot, "both claim insufficient knowledge to admit or deny a request and, on th[at] basis, deny it." VeroBlue Farms USA Inc. v. Wulf, No. 3:19-CV-764-X, 2021 WL 5176839, at *14 (N.D. Tex. Nov. 8, 2021) (emphasis added); see New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C., 405 F. Supp. 3d 1233, 1262 (D.N.M. 2019) (stating that a party "cannot deny a request for admission based on insufficient information").  Otherwise, "a party confronted with a lack of knowledge could merely deny the request and thereby avoid its duty to provide a reasonable inquiry." Hawthorne v. Bennington, No. 316CV00235RCJCLB, 2020 WL 3884426, at *4 (D. Nev. July 8, 2020)

11

(finding defendant's response to request for admission stating that "Defendant cannot admit or deny [due to lack of knowledge], therefore, deny [sic] on that basis" failed to comply with Rule 36). Vigo's and Bustillos's Responses, however, do exactly this. Of Patterson's fourteen requests for admission to Vigo, twelve Responses stated that he was "without sufficient information to admit or deny, and therefore, it is denied." (Doc. 102-2 at 2-5.) Similarly, as for Bustillos, ten of the thirteen Responses are accompanied by the same statement: "Defendant Bustillos is without sufficient information to admit or deny, and therefore, it is denied." (Id. at 10-12.) None of the Responses recites that the party made a reasonable inquiry.

Moreover, it is clear that because Nichols had not communicated with either Vigo or Bustillos for weeks, he could not represent that either Defendant had made a reasonable inquiry resulting in information rendering him unable to admit or deny the request. Although "reasonableness" and "readily obtainable" are relative standards which necessarily vary from case to case, Dubin v. E.F. Hutton Grp., 125 F.R.D. 372, 374 (S.D.N.Y. 1989), reasonable inquiry into the matter of the request at least includes some investigation by the party. See Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 (N.D.N.Y. 2003) (internal quotation marks and citation omitted) ("Such reasonable inquiry includes an investigation and inquiry of employees, agents, and

12

others, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response."); Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1374 (1st Cir. 1991) ("The rule does require, however, that the respondent make 'reasonable inquiry' into the subject matter of the requests."). Here, Nichols acknowledges not having spoken to either Vigo or Bustillos in weeks. (See Doc. 102, at 3-4.) In fact, it appears that Nichols has never spoken to Vigo. (See id. at 4 (Plaintiff's counsel noting that Nichols "stated that he could not recall a time when he had ever had a conversation with Vigo").) Accordingly, it cannot be said that Vigo and Bustillos were unable to respond following any inquiry they made.

Moreover, responding to a request for admission involves the input of counsel, because the requests frequently call for the application of law to fact. See Treister v. PNC Bank, No. 05-23207-CIV, 2007 WL 521935, at *3 (S.D. Fla. Feb. 15, 2007). Accordingly, to the extent that counsel has a responsibility to participate in preparing the responses, it is equally clear that Nichols – acting on behalf of Vigo and Bustillos as their agents – was not in a position to make the representation that he made. Because he never spoke with either Vigo or Bustillo, Nichols could not represent that he made the type of "reasonable inquiry" necessary to permissibly respond that the answering party was

13

unable to admit or deny based on the information known or readily available to it. See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (stating that a "reasonable inquiry" includes an "inquiry of those persons and documents that are within the responding party's control").

Finally, even if Nichols did make a reasonable inquiry, each of Defendants' Responses of insufficient information does not comply with Rule 36(a) because Defendants do not state that they "made a reasonable inquiry" to obtain the information needed to respond to these requests. Fed. R. Civ. P. 36(a); see Odom, 337 F.R.D. at 352 ("After making a reasonable inquiry, if a party still cannot admit or deny the question posed in a request for admission, the party should state as much in its answer and provide an explanation.") (emphasis added); Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245-47 (9th Cir. 1981); Beberaggi v. New York City Transit Auth., No. 93 CIV. 1737 (SWK), 1994 WL 18556, at *5 (S.D.N.Y. Jan. 19, 1994); Cada, 95 F.R.D. at 347-48. Under the facts now provided, Nichols should have advised that he attempted to make a reasonable inquiry of Vigo and Bustillo and, because he was unable to communicate with them, he was unable to admit or deny the requests based on the information known to him or readily obtainable by him. He also could have sought an extension of time to respond for his clients on the grounds that he could no longer locate them.

14

Accordingly, for all these reasons, the court concludes that the Responses by Defendants Vigo and Bustillo failed to comply with the court's October 26, 2022 order compelling Defendants "to provide responses to Plaintiff's Requests for Admissions by November 2, 2022." (See Text Order dated October 26, 2022.)

Rule 37(b) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with the court's discovery orders. See Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503-04 (4th Cir. 1977); 8A Wright & Miller, supra, § 2289 ("Rule 37(b)(2) gives the court a broad discretion to make whatever disposition is just in light of the facts of the particular case."). The rule specifically contemplates a wide array of possible sanctions, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; [or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

In determining what sanction, if any, to impose, the court is mindful that the sanction of default judgment is reserved for "the

15

most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the [court] and the Rules." Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989); accord Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 212 (1958). This is consistent with the strong preference for deciding cases on the merits. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010).

When considering whether to sanction a party with default judgment under Rule 37, courts must consider the following factors: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary ... ; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92 (4th Cir. 1989); see Wilson, 561 F.2d at 503-04.

Here, it cannot be said on this record that Vigo or Bustillo acted in bad faith, as it neither was consulted with regard to the Responses.[3] However, their counsel acts as their agent, and the court is authorized to sanction a party for the conduct of his counsel. Link v. Wabash R.R. Co., 370 U.S. 626, 633-35 (1962);

---

[3] Whether either Defendant purposefully avoided responding to his counsel's efforts to reach his remains to be determined.

16

Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409–11 (4th Cir. 2010). The record reflects that Nichols was repeatedly inattentive to the orders of this court and the demands of the Federal Rules of Civil Procedure. He repeatedly either ignored his obligations or waited to the last minute to attempt to comply, thus resulting in late and inadequate responses. What matters here is Defendants' effort to comply with the Magistrate Judge's October 26, 2022 Text Order to compel, which is the subject of the motion for sanctions. As to that, while the court cannot conclude that Nichols acted in bad faith given his response to the pending motion for sanctions describing his prior investigation, the investigation of prior Attorney General counsel, and the difficulty posed by Vigo's and Bustillos's failure to cooperate, the court can conclude that Nichols's Responses on behalf of his clients was less than complete as to the nature of his inability to properly respond to the requests for admissions.[4]

Even so, Patterson has not shown how he is prejudiced by the failure of Vigos and Bustillos to fully answer his requests for admissions. Patterson's case has consistently relied on his testimony of events and the testimony of one or more inmates. Moreover, according to the record, there were multiple other prison

---

[4] Patterson has lodged no objection to the Attorney General's discovery responses on behalf of the remaining Defendants in compliance with the Magistrate Judge's October 26, 2022 Text Order compelling production.

17

officials who were witnesses to the events, so it does not appear that Vigos and Bustillos were uniquely aware of the facts sought to be admitted.

The need for deterrence does weigh in favor of a sanction. The repeated delay and inattentiveness to the requirements of the Federal Rules of Civil Procedure cannot go unaddressed. The Federal Rules of Civil Procedure are not mere suggestions, and this court's orders are certainly not.

On this record, a sanction of default judgment would be too severe, as would be striking these Defendants' answers. Patterson can achieve his ultimate goal – a fair response to his requests for admission – if the court prohibits Vigo and Bustillos from offering evidence to rebut the facts contained in the requests for admission. A more severe sanction – deeming the facts admitted – could easily visit adverse consequences on the remaining Defendants who are sued on claims of supervisory liability, and it would be unfair to saddle them with admissions of their co-Defendants merely because those co-Defendants and their shared counsel have failed to comply with the discovery rules and this court's discovery order.

### III. CONCLUSION

For these reasons,

IT IS ORDERED that Defendants' Motion to Deem Timely Filed the Response in Opposition to Plaintiff's Motion for Sanctions

18

(Doc. 121) is GRANTED;

IT IS FURTHER ORDERED that the motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b) and Local Rule 37.1 is GRANTED to the extent that Defendants Vigo and Bustillo shall be prohibited from offering evidence to rebut the factual allegations of those requests for admissions to which they responded they lacked sufficient information to respond.

IT IS FURTHER ORDERED that Patterson's request for sanctions against counsel Nichols be deferred until after the impending trial is completed.

/s/ Thomas D. Schroeder<br>United States District Judge

January 13, 2023

19